**J. MARK GIBB, mgibb@djplaw.com (State Bar No. 5702)**
**DAVID W. TUFTS, dtufts@djplaw.com (State Bar No. 8736)**
**PETER H. DONALDSON, pdonaldson@djplaw.com (State Bar No. 9624)**
**BRICK G. POWER, bpower@djplaw.com (State Bar No. 7426)**
Attorneys for ZAGG Intellectual Property Holding Co., Inc.
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
Salt Lake City, UT  84111
(801) 415-3000

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZAGG, INTELLECTUAL PROPERTY HOLDING CO., INC., a Nevada corporation, <br><br> Plaintiff, <br><br> v. <br><br> XO SKINS, LLC, a Utah limited liability company; RUSSELL B. TAYLOR, an individual d/b/a FUSION OF IDEAS; GHOST ARMOR LLC, an Arizona limited liability company; ELYEL CORPORATION, a California corporation d/b/a ELAGO; CLEAR-COAT LLC, a Pennsylvania Corporation; CASE-ARI, LLC, a Georgia limited liability company; and UNITED SGP CORP., a California corporation. <br><br> Defendants. | **COMPLAINT** <br><br> Civil No. _____ <br><br> Honorable _____ <br><br> **(Jury Trial Demanded)** |

Plaintiff ZAGG Intellectual Property Holding Co., Inc. hereby complains of the above-

named defendants and alleges as follows:

748580

## Parties

1.      Plaintiff ZAGG Intellectual Property Holding Co., Inc. ("ZAGG") is a Nevada corporation with its principal place of business in Salt Lake City, Utah.

2.      Defendant XO Skins, LLC ("XO") is a Utah limited liability company with its principal place of business in Lindon, Utah.

3.      Defendant Russell B. Taylor does business as Fusion of Ideas ("FOI")  in Irvine, California.

4.      Defendant Ghost Armor LLC ("Ghost Armor") is an Arizona limited liability company with its principal place of business in Mesa, Arizona.

5.      Defendant Elyel Corporation d/b/a elago ("elago") is a California corporation with its principal place of business in San Diego, California.

6.      Defendant Clear-Coat LLC ("Clear-Coat") is a Pennsylvania limited liability company with its principal place of business in Philadelphia, Pennsylvania.

7.      Defendant Case-Ari, LLC d/b/a Case-Mate ("Case-Mate") is a Georgia limited liability company with its principal place of business in Tucker, Georgia.

8.      Defendant United SGP Corp. ("SGP") is a California limited liability company with its principal place of business in Los Angeles, California.

## Jurisdiction and Venue

9.      This is an action for infringement of a United States Patent arising under 35 U.S.C. § 271 et seq.  This Court has original jurisdiction of the subject matter of this action under 28 U.S.C. §1331 and §1338(a).

10.     This Court has general and specific personal jurisdiction over each Defendant, and venue is proper, pursuant to 28 U.S.C. §§ 1391 and 1400(b).

11.     Each Defendant is subject to the Court's general and specific jurisdiction consistent with the principles of due process and/or the Utah Long Arm Statute.  Specifically, and upon information and belief, each Defendant has substantial contacts with this forum as a result of substantial business activities conducted within the State of Utah and within this District.  Each Defendant solicits business in Utah and derives revenue from products, sold or provided to individuals and entities residing in Utah and in this District.  Each Defendant has placed and is continuing to place merchandise into the stream of commerce within the United States, within Utah and in this District, and it is reasonable to expect that such merchandise will continue to enter and be used by consumers in Utah and in this District.  Further, each Defendant has committed and continues to commit acts of patent infringement in Utah and in this District through its making, selling and/or offering to sell kits that infringe one or more claims of the patent-in-suit, by inducing others to use kits in a manner that infringe one or more claims of the patent-in-suit and/or by contributing to the infringement by others of one or more of the claims of the patent-in-suit.

<u>**Background**</u>

12.     On August 31, 2010, United States Patent Number 7,784,610 (hereafter the '610 patent") was duly and legally issue for a "PROTECTIVE FILM APPLICATION KIT AND METHOD".  A true and correct copy of the '610 patent is attached hereto as Exhibit A.

13.     Plaintiff ZAGG is the assignee of the '610 patent and owns all right, title and interest in, to and under the unexpired '610 patent, including the right to prosecute this action

and recover past, present and future damages for the infringements alleged herein.  A true and correct copy of the Assignment to ZAGG is attached hereto as Exhibit B, along with a true and correct copy of an electronic receipt from the United States Patent and Trademark Office ("USPTO") showing that the Assignment has been submitted to the USPTO for recordation.

14.     ZAGG is a subsidiary of ZAGG Incorporated ("ZAGG Inc"), a Nevada Corporation.  ZAGG Inc sells in the United States and Utah and throughout the world kits for protecting surfaces of electronic devices.

15.     XO has commenced selling kits for protecting surfaces of electronic devices under the trademark XO SKINS.  XO makes, offers for sale and sells XO SKINS kits for protecting surfaces of electronic devices that are within the scopes of and, therefore, infringe one or more claims of the '610 patent, and/or induces others to use XO SKINS kits and/or contributes to others' use of XO SKINS kits in a manner that infringes one or more claims of the '610 patent.  XO's XO SKINS kits compete with ZAGG Inc's kits.

16.     FOI has commenced selling kits for protecting surfaces of electronic devices under the trademark STEALTHARMOR.  FOI makes, offers for sale and sells STEALTHARMOR kits for protecting surfaces of electronic devices that are within the scopes of and, therefore, infringe, one or more claims of the '610 patent, and/or induces others to use STEALTHARMOR kits and/or contributes to others' use of STEALTHARMOR kits in a manner that infringes one or more claims of the '610 patent.  FOI's STEALTHARMOR kits compete with ZAGG Inc's kits.

17.     Ghost Armor has commenced selling kits for protecting surfaces of electronic devices under the trademark GHOST ARMOR.  Ghost Armor makes, offers for sale and sells

GHOST ARMOR kits for protecting surfaces of electronic devices that are within the scopes of and, therefore, infringe, one or more claims of the '610 patent, and/or induces others to use GHOST ARMOR kits and/or contributes to others' use of GHOST ARMOR kits in a manner that infringes one or more claims of the '610 patent. Ghost Armor's GHOST ARMOR kits compete with ZAGG Inc's kits.

18.    elago has commenced selling kits for protecting surfaces of electronic devices under the trademark ELAGO. elago makes, offers for sale and sells ELAGO kits for protecting surfaces of electronic devices that are within the scopes of and, therefore, infringe, one or more claims of the '610 patent, and/or induces others to use ELAGO kits and/or contributes to others' use of ELAGO kits in a manner that infringes one or more claims of the '610 patent. elago's ELAGO kits compete with ZAGG Inc's kits.

19.    Clear-Coat has commenced selling kits for protecting surfaces of electronic devices under the trademark CLEAR-COAT. Clear-Coat makes, offers for sale and sells CLEAR-COAT kits for protecting surfaces of electronic devices that are within the scopes of and, therefore, infringe, one or more claims of the '610 patent, and/or induces others to use CLEAR-COAT kits and/or contributes to others' use of CLEAR-COAT kits in a manner that infringes one or more claims of the '610 patent. Clear-Coat's CLEAR-COAT kits compete with ZAGG Inc's kits.

20.    Case-Mate has commenced selling kits for protecting surfaces of electronic devices under the trademark CLEAR ARMOR. Case-Mate makes, offers for sale and sells CLEAR ARMOR kits for protecting surfaces of electronic devices that are within the scopes of and, therefore, infringe, one or more claims of the '610 patent, and/or induces others to use

CLEAR ARMOR kits and/or contributes to others' use of CLEAR ARMOR kits in a manner that infringes one or more claims of the '610 patent.  Case-Mate's CLEAR ARMOR kits compete with ZAGG Inc's kits.

21.     SGP has commenced selling kits for protecting surfaces of electronic devices under the trademark INCREDIBLE SHIELD.  SGP makes, offers for sale and sells INCREDIBLE SHIELD kits for protecting surfaces of electronic devices that are within the scopes of and, therefore, infringe, one or more claims of the '610 patent, and/or induces others to use INCREDIBLE SHIELD kits and/or contributes to others' use of INCREDIBLE SHIELD kits in a manner that infringes one or more claims of the '610 patent.  SGP's INCREDIBLE SHIELD kits compete with ZAGG Inc's kits.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement, Inducement to Infringe, and Contributory Infringement)

22.     ZAGG incorporates into this Claim for Relief all of the allegations of the prior paragraphs of this Complaint.

23.     Within the past six years and without authority so to do, each Defendant has directly infringed (either by literal infringement or by infringement under the Doctrine of Equivalents) and is continuing to directly infringe one or more claims of the '610 patent within the meaning of Title 35 U.S.C. §271(a), by making, using, offering to sell and selling kits for protecting surfaces of electronic devices that are within the scope of at least claims 1, 2, 3, and 5 of the '610 patent, within the United States, within Utah and within this District.

24.     Each Defendant has actively induced others to infringe (either by literal infringement or by infringement under the Doctrine of Equivalents) at least claim 10 of the '610 patent within the meaning of Title 35 United States Code §271(b).

25.     Each Defendant has contributed to the infringement by others (either by literal infringement or by infringement under the Doctrine of Equivalents) and is continuing to contribute to the infringement by others of at least claim 10 of the '610 patent within the meaning of Title 35 U.S.C. §271(c), by making, using, offering to sell and selling kits that are used by others to protect surfaces of electronic devices in a manner that is within the scope of, and therefore infringes, at least claim 10 of the '610 patent, within the United States, within Utah and within this District, that they know to be especially made or especially adapted for use in infringement of at least claim 10 of the '610 patent.  Upon information and belief, Defendants' infringing kits have no substantial non-infringing use in commerce.

26.     Each Defendant's aforesaid infringements of at least claims 1, 2, 3, 5, and 10 of the '610 patent are continuing and will continue unless enjoined.

27.     ZAGG has been irreparably damaged and is continuing to be irreparably damaged by each Defendant's aforesaid infringements of at least claims 1, 2, 3, 5, and 10 of the '610 patent, for which ZAGG has no adequate remedy at law.  ZAGG is entitled, under Title 35 United States Code §283, to an injunction against each Defendant's continuing infringements.

28.     ZAGG's monetary damage caused by each Defendant's aforesaid infringements is an amount that is not yet fully ascertained or ascertainable.

29.     ZAGG is entitled to an award of damages under Title 35 United States Code §284, adequate to compensate it for each Defendant's aforesaid infringements, together with interest and costs as fixed by the Court.

30.     Each Defendant's aforesaid infringements were willful and deliberate and with full foreknowledge of the existence of the '610 patent and that their sales of kits for protecting surfaces of electronic devices infringe at least claims 1, 2, 3, 5, and 10 of the '610 patent.

31.     ZAGG is entitled, under Title 35 United States Code §284, to an increase of the compensatory damages by up to three times its damages for each Defendant's aforesaid willful and deliberate infringements.

32.     This is an exceptional case within the meaning of Title 35 United States Code §285.  ZAGG is entitled to an award of its reasonable attorney fees incurred in this action.

## PRAYER FOR RELIEF

WHEREFORE, ZAGG prays for the following relief:

1.     For monetary damages in an amount adequate to compensate it for each Defendant's aforesaid infringements.

2.     For treble the amount of such compensatory damages.

3.     For ZAGG's costs incurred in this action.

4.     For a finding that this case is exceptional and an award to ZAGG of all remedies available under 35 U.S.C. § 285, including reasonable attorney fees incurred in this action.

5.     For pre-judgment and post-judgment interest as provided by law.

6.      For preliminary and permanent injunctions against each Defendant's aforesaid infringements prohibiting further infringement and contributory infringement of the patent-in-suit.

7.      For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ZAGG hereby demands a trial by jury on all issues and claims so triable.

DATED:  December 20, 2010.          **DURHAM JONES & PINEGAR, P.C.**

 /s/ David W. Tufts
J. Mark Gibb
David W. Tufts
Peter H. Donaldson
Brick G. Power

Attorneys for ZAGG